## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

CITY OF BREAUX BRIDGE,                    No. 6:18-cv-869

          Plaintiff,                    JUDGE TUCKER L. MELANÇON

v.                                        MAG. JUDGE PATRICK J. HANNA

UNION PACIFIC RAILROAD CO.,

          Defendant.

### MEMORANDUM RULING

Before the Court are the parties' response memorandums, [Rec. Doc. 16, filed by the defendant on August 31, 2018; and Rec. Doc. 20, filed by the plaintiff on September 7, 2018], to the Court's *Sua Sponte* Jurisdictional Briefing Order, [Rec. Doc. 11, August 10, 2018], which requested that the parties address whether the Court has federal question jurisdiction or federal diversity jurisdiction over this case, and the plaintiff's Motion for Leave to File Amended Complaint. [Rec. Doc. 14, filed August 31, 2018]. For the reasons that follow, the Court finds that it does have jurisdiction.

### I.    BACKGROUND

Defendant, Union Pacific Railroad Co., owns a railroad line that crosses plaintiff's, City of Breaux Bridge, Louisiana's, municipal boundaries. Plaintiff alleges that defendant is "obstructing, retarding or interfering" with the "proper and

natural drainage" of the nearby lands within the City of Breaux Bridge. [R. Doc. 1.1 at 5, filed July 3, 2018]. Plaintiff filed suit in the Sixteenth Judicial District Court for the State of Louisiana under La. R.S. § 45:457[1] alleging that the defendant had an obligation to start "constructing [. . .] culverts[2] and drains" under the roadbeds that were allegedly obstructing the "proper and natural drainage" of the lands of properties adjacent to the defendant's railway because the railway culvert crossing does not adequately drain the land of the properties. [Rec. Doc. 1.1 at 5, filed July 3, 2018].

Defendant removed the case to this Court claiming that the Louisiana statute is completely preempted by 49 U.S.C. Section 10501(b) of the Interstate Commerce Commission Termination Act ("ICCTA"). [Rec. Doc. 1, filed July 3, 2018]. Defendant contends that the Court has jurisdiction over this action under 28 U.S.C. § 1332 as the case presents a federal question, and, alternatively, subject matter

---

[1] "Whenever any parish or municipal body or department having jurisdiction or control over drainage in any parish or municipality determines that any roadbed of any railway company, operating a line or system of railroads in this state, is obstructing, retarding, or interfering with the proper natural drainage of any area or land within its parish or municipality traversed by the line or system of railroads, the railway company shall drain such roadbed, by constructing and maintaining ditches, culverts, or drains under their roadbed or under the crossings over their roadbed on their right of way, either parallel to or at angles with their roadbeds or crossings, of sufficient width, depth, and capacity to carry off water rapidly, and in such a manner as the railway company may be notified to do by the parish or municipal body or department. The railway companies shall do all things necessary to relieve such obstructed natural drainage without delay whenever so notified. The provisions of this Part relating to the rights of the owner of the land, improvements constructed or to be constructed thereon, farm, or plantation shall apply to and in favor of any parish or municipal body or department covered by this Section." La. R.S. § 45:457.
[2] A culvert is a structure that allows water to flow under a road, railroad, trail, or similar obstruction from one side to the other side.

jurisdiction as the matter is between citizens of different states and the case in controversy exceeds $75,000. Plaintiff filed a Motion to Remand in response to the defendant's Notice of Removal. [Rec. Doc. 22, filed September 10, 2018].

## II. FEDERAL QUESTION JURISDICTION

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–366 (5th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts apply the "well-pleaded complaint rule" to determine whether a suit arises under federal law, asking "whether the plaintiff has affirmatively alleged a federal claim." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir.2008). As a corollary, "anticipated or potential defenses, including defenses based on federal preemption, do not provide a basis for federal question jurisdiction." *Id.* "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal

defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted) (emphasis in original). "An exception applies to this rule when the complete preemption doctrine applies." *Barrois*, 533 F.3d at 330.

"Under the complete preemption doctrine, what otherwise appears as merely a state law claim is converted to a claim arising under federal law for jurisdictional purposes because the federal statute so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (internal quotation marks and citations omitted). "The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law." *Barrois*, 533 F.3d at 331. "Congress can indicate its preemptive intent either expressly through a statute's plain language, or impliedly through a statute's structure and purpose." *Elam*, 635 F.3d at 803 (internal quotation marks and citation omitted).

"[C]omplete preemption doctrine applies to state causes of action that 'fall squarely' under 49 U.S.C. § 10501(b) of the ICCTA." *Id.* (citation omitted). Section 10501(b) provides:

(b) The jurisdiction of the [Surface Transportation] Board[3] over—

> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and

> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,

is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501(b).

Here, the proper analysis is under the express preemption portion of the analysis. Economic decisions include "decisions pertaining to train length, speed, or scheduling." *Texas Central Business Lines v. City of Midlothian*, 669 F.3d 525, 533 (5th Cir. 2012) (citation and internal quotation marks omitted). A regulation "which dictates the construction design and layout of railroad tracks would frustrate economic decision making." *Id.*

Section 10501(b) expressly preempts "only laws that have the effect of managing or governing rail transportation." *Franks Inv. Co. LLC. v. Union Pacific R.R. Co.*, 593 F.3d 404, 409-10 (5th Cir. 2010). Section 10501(b) does not expressly

---

[3] The Surface Transportation Board is the body authorized by Congress to administer the ICCTA. *See* 49 U.S.C. § 10501.

preempt generally applicable state laws that have "mere remote or incidental effect on rail transportation." *Id.* A state law does not "fall squarely" under Section 10501(b) "unless it attempts to manage or govern rail transportation in the economic realm." *Elam*, 635 F.3d at 807; *see also Texas Central Business Lines*, 669 F.3d at 533.

The Louisiana statute in question is completely preempted by ICCTA. The Louisiana statute directs a "railway company to drain [a] roadbed, by constructing and maintaining ditches, culverts, or drains under their roadbed or under the crossings over their roadbed [. . .] and in such a manner as the railway company may be notified to do by the parish or municipal body or department." La. R.S. § 45:457. Plaintiff suggests that defendant will need to cut the rail track to make the changes it requests defendant to make under the Louisiana statute. [Rec. Doc. 1.1 at 10, filed July 3, 2018; Rec. Doc. 20 at 4, filed September 7, 2018]. If defendant were to follow the Louisiana statute, it would have to construct and maintain culverts, and this would have an economic impact as plaintiff complains about the location and construction of the roadbed and seeks an order directing defendant to make changes to the roadbed and tracks. *Texas Central Business Lines*, 669 F.3d at 533 (holding that a "regulation which dictates the construction design and layout of railroad tracks would frustrate economic decision making.").

The Court finds no merit in plaintiff's contentions that the construction would only impact the defendant until the drainage project has been completed. [R. Doc. 20 at 4, filed September 7, 2018]. Defendant responds that to make the necessary construction it would be required to stop operating. Plaintiff's state-law claim is completely preempted under ICCTA. *Id.* ("ICCTA grants the Board exclusive jurisdiction over the 'construction . . . of spur, industrial, team, switching, or side tracks, or facilities,' leaving no room for local regulation." (quoting 49 U.S.C. § 10501(b)(2))).

Defendant has demonstrated that the state statute claim articulated by plaintiff falls squarely under ICCTA. The Court has federal question jurisdiction and need not address whether federal diversity jurisdiction exists.

### III. CONCLUSION

As the Court finds that federal question jurisdiction exists, plaintiff's Motion to Remand will be **DENIED**, and their state-law claim based on La. R.S. § 45:457 will be **DISMISSED** as completely preempted by ICCTA.

**THUS DONE AND SIGNED** this 20th day of December, 2018.

_____
TUCKER L. MELANÇON
UNITED STATES DISTRICT JUDGE